UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>                              Plaintiff,<br>     v.<br>BRITTANY SMALLWOOD, *et al.*,<br>                             Defendants. | Case No. 3:23-cv-00265-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

On June 26, 2024, the Court dismissed this action with prejudice because the parties reached a settlement at the mediation conference. (ECF Nos. 13, 14, 15.) Over six months later, Plaintiff filed a motion under "NRCP 60(b)(1)" for "global reconsideration of all screening orders" in 34 of his lawsuits, arguing the Court mistakenly failed to recognize that Article 1, § 6 of the Nevada Constitution provides greater protections and imposes less burdens than the Eighth Amendment to the U.S. Constitution. (ECF No. 17 ("Motion").)

**II.    DISCUSSION**

Federal Rule of Civil Procedure 60(b)(1) authorizes district courts to "relieve a party or its legal representative from a final judgment, order, or proceeding" because of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence"; (3) "fraud"; (4) "the judgment is void"; (5) satisfaction, release, or discharge of the judgment or reversal or vacation of earlier judgment; or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1). Motions under FRCP 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

///

The Motion is denied because this case is closed, and Plaintiff has not moved to vacate or set aside the dismissal and judgment. It is further denied because Plaintiff does not identify the part of the record in this action that he moves the Court to reconsider, and he provides no legal authority supporting his underlying argument or showing that his motion was filed within a reasonable time. *See, e.g.*, LR 7-2(d) (explaining that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion"); General Order No. 2021-05 at 5, § 3(g) (same). Plaintiff is cautioned that filing a "global" motion that generically seeks relief in dozens of lawsuits is an abusive litigation practice that strains the Court's limited resources and will not be tolerated.

Finally, to the extent Plaintiff contends that Article 1, § 6 of the Nevada Constitution affords him more protections and imposes lesser burdens on him than the Eighth Amendment to the U.S. Constitution, "the Nevada Supreme Court has noted the similarity between the federal and state constitutions, and frequently looks to federal precedent to guide their analysis." *Meeks v. Nev. Dep't of Corr.*, Case No. 3:18-cv-00431-MMD-WGC, 2020 WL 8084979, at *19 (D. Nev. Nov. 10, 2020) (collecting cases); *accord Naovarath v. State*, 779 P.2d 944, 949 n.6 (Nev. 1989) (holding that sentence of life without the possibility of parole for a mentally and emotionally disabled thirteen-year-old child violated state and federal constitutions because both "proscribe cruel and unusual punishment"). And federal courts apply the same legal standards to claims under the cruel and unusual punishment provision of the Eighth Amendment to the U.S. Constitution as they do to claims under the cruel or unusual punishment provision of Article 1, § 6 of the Nevada Constitution. *See Cardenas-Ornelas v. Wickham*, Case No. 2:21-cv-00030-ART-VCF, 2024 WL 4368152, at *5 (D. Nev. Sept. 30, 2024) (collecting cases).

### III. CONCLUSION

It is therefore ordered that the motion for reconsideration of all screening orders (ECF No. 17) is denied, and this action remains closed.

///

1     It is further ordered that if Plaintiff wishes to seek reconsideration of an order entered in this closed action, then he must file a fully supported motion under Fed. R. Civ. P. 60 demonstrating that he is entitled to relief from the dismissal and judgment, identifying the specific part of the record that he seeks to reconsider, stating with particularity the points of law or fact that he believes entitle him to reconsideration, and showing that he filed the motion within a reasonable time.

DATED THIS 23rd Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE